

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

|  |  |
|---|---|
| 970 Broad Street, 7th floor<br>Newark, New Jersey 07102 | 973-645-2700 |

MKN/PL AGR
2017R00742

May 30, 2025

Saverio Viggiano, Esq.
22 South Clinton Street
Trenton, New Jersey 08609

**RECEIVED**

**AUG 04 2025**

ROBERT KIRSCH
U.S. DISTRICT JUDGE

Re:   Plea Agreement with Ford Graham
      (24-CR-188)

Dear Mr. Viggiano,

This letter sets forth the plea agreement between your client, Ford Graham ("Graham"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on June 6, 2025, if it is not accepted in writing by that date. If Graham does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Graham to the following counts of the Indictment, Crim. No. 24-188 (RK): Counts 1 through 8 and 10 through 15 each charging Graham with wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2, Count 9 charging Graham with securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2, and Count 19 charging Graham with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349.

If Graham enters a guilty plea and is sentenced on these charges and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Graham for his orchestration and commission of the Investment Scheme which occurred between December 2012 and September 2013, the Payment Processing Scheme and associated aggravated identity thefts which occurred between December 2017 and February 2018, and the Business Email Compromise Scheme which occurred between November 2017 and June 2018.

In addition, if Ford Graham fully complies with this agreement, at sentencing, this Office, will move to dismiss Counts 16 through 18, and 20 through 29 of the Indictment, Crim. No. 24-188, against Ford Graham.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Graham even if the applicable statute of limitations period for those charges expires after Graham signs this agreement, and Graham agrees not to assert that any such charges are time-barred.

Sentencing

Each violation of 18 U.S.C. § 1343, wire fraud, to which Graham agrees to plead guilty in Counts 1 to 8, and 10 to 15 of the Indictment, carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 15 U.S.C. §§ 78j(b) and 78ff, and 17 C.F.R. 240.10b-5, securities fraud, to which Graham agrees to plead guilty in Count 9 of the Indictment, carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of (1) $5,000,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 18 U.S.C. § 1349, conspiracy to commit wire fraud, to which Graham agrees to plead guilty in Count 19 of the Indictment, carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

Fines imposed by the sentencing judge may be subject to the payment of interest. The prison sentences on all counts may run consecutively to each other or to any prison sentence Graham is serving or is ordered to serve.

The sentence to be imposed upon Graham is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what

Guidelines range may be found by the sentencing judge, or as to what sentence Graham ultimately will receive.

Further, in addition to imposing any other penalty on Graham, the sentencing judge as part of the sentence:

(1) will order Graham to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order Graham to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3) may order Graham, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of his offense;

(4) must order forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461;

(5) pursuant to 18 U.S.C. § 3583 may require Graham to serve a term of supervised release of not more than three years per count on Counts 1 to 15 and 19, which will begin at the expiration of any term of imprisonment imposed. Should Graham be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Graham may be sentenced to not more than two years' imprisonment on each of Counts 1 to 15 and 19, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, Graham agrees to pay full restitution to the victims of the offenses of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying those offenses in an amount that fully compensates the victims for the losses sustained as a result of those offenses as follows:

| Victim | Amount |
|---|---|
| Victim 1 | To Be Determined |
| Victim 2 | $399,910.18 |
| Victim 3 | $17,597.47 |

*[handwritten: To Be Determined]*

*[handwritten initials]* 



~~Victim 6        $50,750~~  To Be Determined
~~Victim 10       $12,200~~

Graham agrees to pay restitution to ~~Victim~~ *the Victims* in an amount agreed upon by the parties by the date of sentencing, or as determined by the sentencing court. The parties agree the total sum of restitution should be more than $1,500,000 but not more than $2,729,457.65.

Forfeiture

As part of his acceptance of responsibility, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), Graham agrees to forfeit to the United States all of his right, title, and interest in any property, real or personal, which constitutes or is derived from proceeds the defendant obtained that are traceable to the offenses charged in Counts 1 to 15 and 19 of the Indictment. Graham further agrees that the aggregate value of such property is the sum of the amount of restitution ordered by the sentencing court for Victims ~~1, 2, 3, 6 and 10~~; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to the value of the proceeds obtained by the defendant (the "Forfeiture Amount"), in an amount not to exceed $2,729,457.65 (the "Money Judgment"). The defendant consents to the entry of an order requiring the defendant to pay the Forfeiture Amount, in the manner described below (the "Order"), and that the Order will be final as to the defendant prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. The defendant further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Forfeiture Amount in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

All payments made in full or partial satisfaction of the Forfeiture Amount shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

Graham waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of

Criminal Procedure at the guilty plea proceeding. The defendant waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Graham further agrees that not later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by the Government. If Graham fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if the Government determines that Graham has intentionally failed to disclose assets on his Financial Disclosure Statement, Graham agrees that that failure constitutes a material breach of this agreement, and the Government reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Graham by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Graham's activities and relevant conduct with respect to this case, including all details related to his orchestration and commission of the Investment Scheme which occurred between December 2012 and September 2013, the Payment Processing Scheme and associated aggravated identity thefts which occurred between December 2017 and February 2018, and the Business Email Compromise Scheme which occurred between November 2017 and June 2018, all three schemes which are detailed in the Criminal Complaint, docketed at Magistrate No. 21-6014 (DEA).

## Stipulations

This Office and Graham will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict

the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Graham waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

### Immigration Consequences

Graham understands that, if Graham is not a citizen of the United States, Graham's guilty plea to the charged offenses will likely result in Graham being subject to immigration proceedings and removed from the United States by making Graham deportable, excludable, or inadmissible, or ending Graham's naturalization. Graham understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Graham wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause Graham's removal from the United States. Graham understands that Graham is bound by this guilty plea regardless of any immigration consequences. Accordingly, Graham waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Graham also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Graham. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Graham from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

### No Other Promises

This agreement constitutes the entire plea agreement between Graham and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ALINA HABBA
United States Attorney

By: *Martha K. Nye*
Martha K. Nye
Richard Shephard
Assistant U.S. Attorney

APPROVED:

*Molly S. Lorber*
Molly S. Lorber
Deputy U.S. Attorney

I have received this letter from my attorney, Saverio Viggiano, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: June 10, 2025
Ford Graham


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: June 23, 2025
Saverio Viggiano, Esq.
Counsel for Defendant Ford Graham

Plea Agreement With Ford Graham

Schedule A

1. This Office and Ford Graham recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. The version of the Guidelines effective November 1, 2024 applies in this case.

Group One: Counts 1 to 8, Count 9, Counts 10-15, and Count 19

3. Counts 1 to 8, Count 9, Counts 10-15, and Count 19 (the "Wire and Securities Fraud Counts") shall be included in a single group because the offense level for this group is determined largely on the basis of the total amount of financial loss. U.S.S.G. § 3D1.2(d).

4. This Office and Graham agree to stipulate that following victims sustained losses, and in the amounts listed below, as a result of the offenses charged in the Wire and Securities Fraud Counts as follows:

| Victim | Amount |
|---|---|
| Victim 1 | To Be Determined |
| Victim 2 | $399,910.18 |
| Victim 3 | $17,597.47 |
| Victim 6 | $50,750 |
| Victim 10 | $12,200 |



[handwritten: Amount not to exceed $2,759,457.65] [initials]

[The table is struck through with an X]

5. This Office and Graham agree that the losses sustained by the victims of the Wire and Securities Fraud Counts, as set forth in Paragraph 4 above, constitute restitution as defined by the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A.

6. The applicable guideline for the Wire and Securities Fraud Counts is U.S.S.G. § 2B1.

7. The Base Offense Level under U.S.S.G. § 2B1.1 is 7 because a conviction of the Wire and Securities Fraud Counts carries a statutory maximum term of imprisonment of 20 years or more. U.S.S.G. § 2B1.1(a)(1).

8. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(I) applies because the parties agree the loss amount was more than $1,500,000 but not more than $3,500,000. The offense level is therefore increased by 16 levels.

9. As of the date of this letter, Graham has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Graham's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

10. As of the date of this letter, Graham has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Graham's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Graham enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Graham's acceptance of responsibility has continued through the date of sentencing and Graham therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Graham's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

11. The parties agree that Graham has no criminal history points and otherwise meets the criteria in U.S.S.G. § 4C1.1, and thus is entitled to a further two-level reduction in his offense level.

12. Accordingly, the parties agree that the total offense level ("Total Offense Level") applicable to Graham is 18.

13. The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

14. If the term of imprisonment does not exceed 33 months, and except as specified in the next paragraph below, Graham will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 27 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind

the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

15. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(a) Any proceeding to revoke the term of supervised release.

(b) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).